IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JONES LANG LASALLE AMERICAS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: **3:26-cv-477** |
| AMERICAN SOUTHERN HOME INSURANCE CO., | ) ) ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT**

Plaintiff Jones Lang LaSalle Americas, Inc. ("Plaintiff" or "JLL") states the following complaint for declaratory judgment, breach of contract, and bad faith against Defendant American Southern Home Insurance Co. ("Defendant" or "ASHIC"):

**NATURE OF ACTION**

1.      JLL brings this action for declaratory judgment, breach of contract, and bad faith regarding ASHIC's obligation to defend and indemnify JLL against claims asserted against it in the underlying lawsuits filed in the Circuit Court of Macon County, Alabama arising out of the Tuskegee University ("Tuskegee") shooting that occurred on November 10, 2024.

2.      JLL has requested defense and indemnity coverage from ASHIC as an Additional Insured under a general liability policy issued to Tuskegee by ASHIC and further outlined herein (the "Policy"). JLL has issued repeated tenders of defense and indemnity as the underlying lawsuits continue to be filed. ASHIC accepted JLL's tender of defense under a reservation of rights for all

1

lawsuits in delayed (often by months) responses, but has otherwise failed and refused to fulfill its defense obligation and, therefore, has effectively denied coverage.

3.      Moreover, ASHIC's appointed defense counsel is not appropriate; Butler Snow LLP is already engaged in the defense of Tuskegee, which has potentially competing and conflicting interests with JLL in the underlying lawsuits. JLL raised this conflict of interest in April 2025 in its response to ASHIC's Reservation of Rights letter, to which JLL received no response until February 2026 when ASHIC "doubled down" on its conflict-of-interest defense counsel appointment.

4.      Regardless, ASHIC has not tendered *any* defense for JLL. And, ASHIC has not responded to JLL's requests for reimbursement of defense counsel bills (and submission of same) that it has incurred in defending and investigating the underlying lawsuits. ASHIC has not paid one penny towards JLL's defense.

5.      Therefore, this action is brought by JLL (1) to obtain a declaration that ASHIC is obligated to defend and/or indemnify JLL under the policy of insurance issued by ASHIC to Tuskegee for the claims brought against JLL in the underlying lawsuits, (2) to recover for ASHIC's breach of the policy, and (3) to recover for ASHIC's bad faith denial and claim handling practices.

## **PARTIES AND JURISDICTION**

6.      JLL is a foreign corporation, organized and existing under the laws of the State of Maryland, with its principal place of business in Chicago, Illinois, and is therefore a citizen of the states of Maryland and Illinois under 28 U.S.C. § 1332(c)(1).

7.      Upon information and belief, ASHIC is a corporation, organized and existing under the laws of the State of Florida with its principal place of business in Jacksonville, Florida. Therefore, under 28 U.S.C. § 1332(c)(1), ASHIC is a citizen of the state of Florida.

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interests and costs, and the parties' citizenship is completely diverse. Defense costs in the underlying lawsuits already exceed $75,000.

9.      This action for declaratory judgment comes before the Court pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

10.     As more particularly described herein, an actual and immediate controversy exists within this Court's jurisdiction. Discovery is ongoing in the underlying lawsuits, and JLL is currently providing its own defense and incurring defenses costs that should be reimbursed by ASHIC.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as events giving rise to this claim occurred in this judicial district.

12.     Alabama follows the *lex loci contractus* rule in determining which state's law applies to contract interpretation. *See, e.g.*, *James River Ins. Co. v. Ultratec Special Effects, Inc.*, 449 F. Supp. 3d 1157, 1165 (N.D. Ala. 2020) (citing *Cherokee Ins. Co., Inc. v. Sanches*, 975 So. 2d 287, 292 (Ala. 2007)). Thus, Alabama courts apply the substantive law of the state where the contract was formed, and insurance policies are formed in the state where the policy was delivered and/or issued. *Cherokee Ins. Co.*, 975 So. 2d at 292.

13.     Because the ASHIC policies at issue were issued to Tuskegee University in Tuskegee, Alabama, Alabama law governs the rights and obligations created under the insurance policies issued to Tuskegee by ASHIC.

## FACTUAL ALLEGATIONS

### *The Underlying Lawsuits*

14.     On December 18, 2023, JLL and Tuskegee entered into an Agreement for Facilities Management Services ("Services Agreement"), which was effective for six years from that date. The Services Agreement is attached hereto as Exhibit A.

15.     Under the Services Agreement, JLL was to provide "comprehensive and uninterrupted [facilities management] and event support services," in the following "functional areas": custodial/housekeeping; landscaping, gardening, mowing, gutter cleaning, and ground maintenance; plant operations, maintenance, and event support services. Exhibit A, at p. 22.

16.     On November 9 and 10, 2024, Tuskegee was holding its annual Homecoming festivities.

17.     In the early morning hours of November 10, 2024, a mass shooting incident took place at Tuskegee University in which one person (La'Tavion Johnson) was killed and others were injured.

18.     On November 19, 2024, Tamika Johnson and Larry Johnson, Jr. filed a lawsuit in the Circuit Court of Macon County, on behalf of their son, La'Tavion Johnson, against the alleged shooters, La'Darius Gantt, Jacquez Myrick, Romero Frazier II, and Jaylen Lassic, as well as Tuskegee, Tuskegee's Chief of Police Terrence Calloway, International Protection Investigation Agency LLC ("IPIA"), IPIA's employee Reginald Brown, and JLL ("Johnson Lawsuit").

19.     Since that time, additional lawsuits have been filed against JLL. As of June 5, 2026, the following lawsuits have been filed against Jones Lang LaSalle Americas, Inc. arising out of the Tuskegee University shooting that occurred on November 10, 2024 (hereinafter, the "Underlying Lawsuits"):

4

- *Tamika Johnson and Larry Johnson, Jr., as mother and father of La'Tavion Jashun Johnson v. Tuskegee University, et al.*; CV-2024-900148; in the Circuit Court of Macon County, AL

- *Tiffany Tate v. Tuskegee University, et al.*; CV-2024-900154; in the Circuit Court of Macon County, AL

- *Taryon Edwards v. Tuskegee University, et al.*; CV-2024-900156; in the Circuit Court of Macon County, AL;

- *Luke Sanders & Laylah Sanders v. Tuskegee University, et al.*; CV-2025-900032; in the Circuit Court of Macon County, AL;

- *Madison Ashley v. Tuskegee University, et al.*; CV-2025-900043; in the Circuit Court of Macon County, AL;

- *Latroy Lamont Albert Wagner Jr. v. Tuskegee University, et al.*; CV-2025-900047; in the Circuit Court of Macon County, AL;

- *Haley Mack v. Tuskegee University, et al.*; CV-2025-900084; in the Circuit Court of Macon County, AL;

- *Della Jones, as grandmother and guardian of Shaniya McKeithen v. Tuskegee University, et al.*; CV-2025-900085; in the Circuit Court of Macon County, AL;

- *Kimora Bean v. Tuskegee University, et al.*; CV-2025-900086; in the Circuit Court of Macon County, AL;

- *Antonio Cameron v. Tuskegee University, et al.*; CV-2025-900198; in the Circuit Court of Macon County, AL;

- *Jaila Webber v. Tuskegee University, et al.*; CV-2025-900150; in the Circuit Court of Macon County, AL;

- *Weldon Hatcher, Jr. v. Tuskegee University, et al.*; CV-2025-900198; in the Circuit Court of Macon County, AL;

- *Haley Simone Mack v. Tuskegee University, et al.*; CV-2025-900199; in the Circuit Court of Macon County, AL;

- *Demetria Dianne Mason v. Tuskegee University, et al.*; CV-2025-900200; in the Circuit Court of Macon County, AL;

- *Mattie Mae Baker v. Tuskegee University, et al.*; CV-2025-900201; in the Circuit Court of Macon County, AL;

- *Karen Sharvon Bowens v. Tuskegee University, et al.*; CV-2025-900202; in the Circuit Court of Macon County, AL;

- *Rodney Cochran v. Tuskegee University, et al.*; CV-2025-900209; in the Circuit Court of Macon County, AL;

- *Aiisha V. Smith v. Tuskegee University, et al.*; CV-2025-900210; in the Circuit Court of Macon County, AL.

20.    The complaints in the Underlying Lawsuits allege that JLL was providing "building, facility, security and/or campus-wide services" including "security and risk management" services, and, seeking monetary damages, allege the following claims against JLL:

- Negligence

- Wantonness

21.    The Johnson Lawsuit alleges an additional count for wrongful death.

22.    JLL denies all material allegations in the Underlying Lawsuits including but not limited to any allegation that it was responsible for security, risk management, or other similar services.

6

*The ASHIC Policy*

23.      ASHIC issued a General Liability Policy to Tuskegee University, under policy number 7NA6CP0002192-00, effective October 1, 2024 to October 21, 2025 (the "Policy"). The Policy is attached hereto as Exhibit B.

24.      The Policy contains the following Insuring Agreement for Coverage A:

SECTION I – COVERAGES

COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.   Insuring Agreement

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …

b.   This insurance applies to "bodily injury" or "property damage" only if:

(1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1., Paragraph 2.a., or Paragraph 2.f. of Section II - Who Is An Insured and no insured authorized by you to give or receive notice of an "occurrence" or claim, knew or had reason to know that the "bodily injury" or "property damage" had occurred in whole or in part. If any such persons knew or had reason to know, prior to the policy period, that the "bodily injury" or "property damage" occurred in whole or part, then any continuation, change or resumption of such "bodily

7

> injury" or "property damage" during or after the policy period will be deemed to have been known to have occurred prior to the policy period.

Exhibit B, at p. 34.

25.    Tuskegee University is the Named Insured, and the following are also insureds pursuant to the "Who is an Insured" provision of the policy:

> 1. The following are also insureds under this policy, subject to the following provisions:
>
>     a. When Required By Contract Or Agreement
>
>     Any person or organization to whom [Tuskegee] is required by written contract, agreement, permit or authorization to provide insurance, but only if the contract, agreement, permit or authorization is in effect during the policy period shown in the Declarations and was executed prior to the "bodily injury," "property damage," or "personal and advertising injury."

Exhibit B, at pp. 91–93. JLL qualifies as an additional insured pursuant to the provisions in the policy as well.

26.    The Service Agreement required Tuskegee to name JLL as an additional insured on its commercial general liability policies. Exhibit A, Section 6 ("JLL and Client shall maintain the insurance and grant the coverages and waivers required of them as set forth in Exhibit D."). Exhibit D to the Service Agreement states:

> B. Client's Insurance. Client shall carry the following insurance, at its own expense:
>
>     …
>
>     c. Commercial general liability insurance, in limits of not less than $10,000,000 each claim and in the aggregate, which coverage will include contractual liability coverage, products and completed operations, independent contractors and severability of interest.

8

… JLL shall be named as an additional insured under Client's Commercial General Liability Insurance.

***Tendering Defense and Indemnity***

27.    On or about December 13, 2024, JLL's counsel tendered defense to and requested indemnity from Tuskegee and requested Tuskegee place its insurers on notice of its request with regard to the Johnson Lawsuit.

28.    In the *Tiffany Tate v. Tuskegee University et al.* matter, which was filed on December 4, 2024, JLL tendered defense to and requested indemnity from Tuskegee and requested Tuskegee place its insurers on notice of its request on or about January 2, 2025.

29.    In the *Taryon Edwards v. Tuskegee University et al.* matter, which was filed on December 5, 2024, JLL tendered defense to and requested indemnity from Tuskegee and requested Tuskegee place its insurers on notice of its request on or about January 2, 2025.

30.    In the *Luke Sanders & Laylah Sanders v. Tuskegee University et al.* matter, which was filed on February 19, 2025, JLL tendered defense to and requested indemnity from Tuskegee and requested Tuskegee place its insurers on notice of its request on or about March 3, 2025.

31.    JLL received no response until March 20, 2025, at which point Wright Specialty Insurance, the third-party administrator for ASHIC, agreed to provide JLL with a defense subject to a reservation of rights.

32.    ASHIC appointed Butler Snow LLP's Birmingham, Alabama office to act as counsel for the defense of JLL in the Underlying Lawsuits.

33.    On April 17, 2025, JLL's coverage counsel objected to ASHIC's appointment of Butler Snow LLP to defend JLL in the Underlying Lawsuits due to the inherent conflict of interest given that Butler Snow LLP represents Tuskegee, against which JLL may have competing or

9

conflicting claims. JLL's counsel requested ASHIC provide alternative defense counsel that would represent JLL's interests as opposed to Tuskegee's or ASHIC's interest.

34.     As further lawsuits were filed, JLL continued to tender defense to and request indemnity from Tuskegee and its insurers, with additional letters dated March 24, 2025, June 5, 2025, and December 5, 2025.

35.     JLL received no response until February 5, 2026, at which time, again, ASHIC agreed to provide JLL with a defense subject to a reservation of rights, and appointed Butler Snow LLP's Ridgeland, Mississippi office to act as counsel for the defense of JLL in the Underlying Lawsuits.

36.     This did not resolve the conflict of interest due to the competing and conflicting interests between JLL and Tuskegee.

37.     Despite ASHIC's acceptance of tender subject to a reservation of rights in March 2025 and February 2026, ASHIC has not actually tendered a defense to JLL.

38.     Moreover, ASHIC has not responded to JLL's concerns about the competing or conflicting interests between Tuskegee and JLL and the appointment of the Butler Snow LLP to defend both parties.

39.     As a result, JLL has incurred substantial expenses defending and investigating the Underlying Lawsuits.

40.     And, on August 22, 2025, JLL issued a request for reimbursement of these expenses, to which ASHIC has not responded.

**COUNT ONE**
**DECLARATORY JUDGMENT**

41.    JLL adopts and realleges all prior allegations.

42.    Upon the terms and conditions of the Policy, ASHIC owes a duty to defend and/or indemnify Plaintiff in connection with claims asserted against them in the Underlying Lawsuits.

43.    The Policy provides coverage for "those sums that the insured becomes legal obligated to pay as damages because of 'bodily injury' or 'property damage'" that takes place "in the 'coverage territory'" and "during the policy period."

44.    And the Policy gives ASHIC the "duty to defend" against any suits seeking those damages.

45.    The Underlying Lawsuits seek damages for alleged bodily injuries that occurred during the shooting on Tuskegee's campus in Tuskegee, AL, which is in the coverage territory, on November 10, 2024, which is during the policy period.

46.    JLL is an insured under the Policy.

47.    The Honor Roll Elite General Liability Enhancement modifies the definition of insured to include "Any person or organization to whom [Tuskegee] is required by written contract, agreement, permit or authorization to provide insurance, but only if the contract, agreement, permit or authorization is in effect during the policy period shown in the Declarations and was executed prior to the 'bodily injury,' 'property damage,' or 'personal and advertising injury.'"

48.    Those terms are met as to JLL.

49.    The Service Agreement requires Tuskegee to carry a commercial general liability policy under which JLL is an additional insured and with limits of not less than $10,000,000 each claim and in the aggregate.

11

50.    The Service Agreement was effective for a period of six years following its execution on December 18, 2023; this is prior to any "bodily injury" or "property damage" that occurred on November 10, 2024, the date of the shooting.

51.    Therefore, JLL is an additional insured entitled to defense and/or indemnification under the Policy.

52.    No Policy Endorsements or Exclusions apply to deny coverage.

53.    A justiciable controversy exists relative to the rights and obligations of ASHIC to defend and/or indemnify JLL under the Policy.

WHEREFORE, JLL requests the Court to award any relief authorized by law and enter judgment declaring that JLL is entitled to defense and/or indemnification from ASHIC for claims asserted against them in the Underlying Lawsuits and for judgments, awards, damages, or liabilities incurred due to ASHIC's failure to tender defense and indemnity.

## COUNT TWO
## BREACH OF CONTRACT

54.    JLL adopts and realleges all prior allegations.

55.    ASHIC issued a contract to Tuskegee in the form of the Policy, which provides JLL coverage as an additional insured.

56.    Plaintiff has complied with the terms of the Policy.

57.    ASHIC has breached the Policy by, among other things, accepting a duty to defend under a reservation of rights but failing to provide a defense.

58.    Plaintiff has been damaged as a result of ASHIC's breach of contract.

WHEREFORE, Plaintiff requests compensatory damages, interest, attorney fees, and any other damages allowed by Alabama law.

## COUNT THREE
## BAD FAITH AND/OR VIOLATION OF ENHANCED OBLIGATION OF GOOD FAITH

59.     JLL adopts and realleges all prior allegations.

60.     ASHIC issued a contract to Tuskegee in the form of the Policy, which provides JLL coverage as an additional insured.

61.     Plaintiff has complied with the terms of the Policy.

62.     ASHIC accepted tender of JLL's defense under a reservation of rights.

63.     An insurer owes an insured "an "enhanced obligation of good faith" when electing to defend the insured under a reservation of rights defense. *L & S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 521 So. 2d 1298, 1303 (Ala. 1987). This requires:

> First, the company must thoroughly investigate the cause of the insured's accident and the nature and severity of the plaintiff's injuries. Second, it must retain competent defense counsel for the insured. Both retained defense counsel and the insurer must understand that only the insured is the client. Third, the company has the responsibility for fully informing the insured not only of the reservation-of-rights defense itself, but of all developments relevant to his policy coverage and the progress of this lawsuit …. Finally, an insurance company must refrain from engaging in any action which would demonstrate a greater concern for the insurer's monetary interest than for the insured's financial risk.

*Id.*

64.     Ultimately, "[b]ecause of the potential conflicts inherent in such an arrangement, the enhanced duty of good faith puts in place a procedure by which the insured can be confident that his interests will not be compromised nor in any way subordinated to those of the insurer as a result of the defense he is required to accept under the contract of insurance…" *Id.*

65.     ASHIC has acted in bad faith and/or violated the enhanced obligation of good faith by appointing defense counsel with competing or conflicting interests to JLL's interests in the Underlying Lawsuit, by failing to communicate with JLL regarding its defense, and by otherwise failing to provide a defense after accepting tender.

13

66.    ASHIC's appointment of Butler Snow is in violation of its "enhanced obligation of good faith" because Butler Snow represents Tuskegee in the Underlying Lawsuits and JLL may have competing or conflicting claims against Tuskegee.

67.    This presents a conflict of interest and potentially violates the Alabama Rules of Professional Conduct 1.7, which states:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
>    (1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>
>    (2) Each client consents after consultation.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or a third person, or by the lawyer's own interests, unless:
>
>    (1) The lawyer reasonably believes the representation will not be adversely affected; and
>
>    (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

68.    ASHIC's decision to appoint Butler Snow's Ridgeland, Mississippi office did not alleviate the conflict of interest because the Birmingham, Alabama firm's conflict of interest is imputed to the Ridgeland, Mississippi firm.

69.    Additionally, ASHIC's failure to communicate with or respond to JLL's attempts to communicate with ASHIC is a violation of its "enhanced obligation of good faith."

70.    JLL sent letters to ASHIC on April 17, 2025 and June 5, 2025 regarding the Underlying Lawsuits and responding to ASHIC's Reservation of Rights letter, dated March 20, 2025.

14

71.    JLL has received no response.

72.    ASHIC has acted in bad faith by failing to actually tender a defense to JLL in the Underlying Lawsuits despite its acceptance of JLL's tender, and failing to reimburse JLL for its defense costs—thereby effectively denying coverage despite acknowledging for over a year that coverage is owed.

73.    JLL has incurred considerable expenses in undertaking its own defense despite ASHIC's acceptance.

74.    What's more, ASHIC failed to abide by its "enhanced obligation of good faith" by not responding to JLL's request for reimbursement of its defense counsel bills, which was sent on August 22, 2025.

75.    Since that time, JLL has continued to provide ASHIC its defense invoices. ASHIC has not acknowledged the invoices nor reimbursed JLL for the expenses it has incurred in undertaking its own defense after ASHIC accepted tender.

WHEREFORE, Plaintiffs request compensatory and punitive damages, interest, attorney fees, and any other damages allowed by Alabama law.

## PRAYER FOR RELIEF

WHEREFORE, JLL respectfully asks for the following relief:

A.    A declaration that JLL is entitled to defense and/or indemnification from ASHIC for the claims asserted in the Underlying Lawsuits;

B.    An unlimited policy limit under the ASHIC policy due to its violation of the enhanced obligation of good faith; and

15

C.    Compensatory damages, punitive damages, interest, attorney fees, and any other damages allowed by Alabama law.

Respectfully submitted this 15th day of June, 2026.

> *s/ M. Todd Lowther*
> M. Todd Lowther (ASB-3992-A60L)
> Claire Elman (ASB-7104-G43L)
> Barze Taylor Noles Lowther LLC
> 2204 Lakeshore Drive, Suite 425
> Birmingham, AL 35209
> (205)872-1032
> tlowther@btnllaw.com
> celman@btnllaw.com
>
> *Attorneys for Plaintiff*
> *Jones Lang LaSalle Americas, Inc.*

**ELECTRONICALLY SERVED VIA FLORIDA PORTAL**
**pursuant to Florida Stat. § 48.151(3) (2021)**
American Southern Home Insurance Co.
c/o Chief Financial Officer of Florida
200 E. Gaines Street
Tallahassee, Florida 32399-4201